# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0146 | **DATE** | 2/1/2013 |
| **CASE TITLE** | Robert Allen (N03705) vs. Dr. Partha Ghosh, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court orders the trust fund officer at plaintiff's place of incarceration to deduct $10.51 from plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The Clerk is instructed to issue summonses for service on Defendant Ghosh, Zhang, Carter, Wexford Health Sources, Inc., Obaisi, and Downs. The Clerk is instructed to change defendant Wexford Inc. to Wexford Health Sources, Inc. on the docket. Defendant Hardy is dismissed. The Clerk shall also send plaintiff a Magistrate Judge Consent Form, Amended Civil Rights Complaint Form, and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve defendants Ghosh, Zhang, Carter, Wexford Health Sources, Inc., Obaisi, and Downs. Plaintiff's motions for appointment of counsel (Dkt. Nos. 4, 5), is denied.

■[ For further details see text below.]                                                                 Docketing to mail notices.

# STATEMENT

　　Pro se plaintiff Robert Allen, a Stateville Correctional Center inmate, has brought a civil rights complaint pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint for an initial review pursuant to 42 U.S.C. § 1983 (Dkt. No. 1), and motions for appointment of counsel. (Dkt. Nos. 4, 5).

　　The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $10.51. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall

clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Plaintiff alleges that he suffers from a severe medical condition in his testicles resulting in significant pain, a lump and swelling, and bleeding in his urine. Plaintiff claims that his requests for treatment of defendant medical providers were rejected over a six year period. The providers came up with non medical explanations for his condition such as excessive masturbation. Plaintiff claims that he recently received, and is continuing to receive, treatment at an outside hospital following six years of continued complaints and inadequate responses from the defendants.

Plaintiff may proceed with a deliberate indifference claim against medical defendants Ghosh, Zhang, Carter, Obaisi, and Downs for continuing to ignoring his requests for medical treatment. Plaintiff alleges both that he was exposed to unnecessary pain and that the defendants' actions were so far afield of accepted professional standards as to raise the inference that treatment decisions were not based on medical judgment. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (per curiam); *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

As to Wexford Health Sources, Inc., plaintiff's claim is evaluated under the standard of *Monell v. New York City Dep't Soc. Servs.*, 436 U.S. 658 (1978). *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). (Wexford qualifies as a state actor for § 1983 purposes because it performs a governmental function that was delegated to it by the IDOC, *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996), but it is not considered an arm of the State of Illinois for sovereign immunity and § 1983 purposes because it is legally a separate entity from the State and would required to pay any judgments on its own. *Burrs v. State Lottery Comm'n of Ind.*, 546 F.3d 417, 420 (7th Cir. 2008)).

To establish a *Monell* claim against Wexford, plaintiff must allege that his injuries were caused by Wexford's custom, policy or practice. *Waters v. City of Chicago*, 580 F.3d 575, 580 (7th Cir. 2009) (citing 436 U.S. 658 (1978)). "To establish an official policy or custom, plaintiff must show that his constitutional injury was caused by (1) the enforcement of an express policy of [Wexford], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467-68 (7th Cir. 2007) (citing *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001); *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). Plaintiff maintains that his experience is the result of Wexford's cost savings policy. He points to incidents both in Illinois and in other states suggesting that Wexford has an established policy of sacrificing care for cost reasons. This is sufficient to state a potentially viable claim against Wexford.

The Court recognizes that plaintiff alleges that he has been continually suffering from this condition and not receiving medical care over the past six years. However, the two-year statute of limitations does not begin to run on the date plaintiff discovered that he had a medical problem six years ago. Instead, "[e]very day that [defendants] prolonged [plaintiff's] agony by not treating his painful condition marked a fresh infliction of punishment that

**STATEMENT**

caused the statute of limitations to start running anew." *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001). The complaint alleges that defendants have continually refused plaintiff's requests for proper treatments within the last two years. Thus, plaintiff may reach back to all events alleged while still bringing a timely complaint. *Id*.

However, Warden Hardy is dismissed as a defendant. Plaintiff does not claim that Hardy was personally involved with the disputed medical care. Hardy's failure to intervene in the challenged treatment is not grounds for liability against him. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Plaintiff also lists unknown defendants. Plaintiff should be aware that he cannot obtain damages from any defendant unless he serves them (or obtains waivers of service) in accordance with Fed. R. Civ. P. 4. Naming the individual as an unknown defendant is ultimately insufficient. He cannot obtain service on the unknown defendant, he must determine his name. Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the unknown defendant who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After plaintiff learns the unknown defendant's identity, he may submit a proposed amended complaint that names the unknown defendant under his or her actual name. A summons will then issue for service on the unknown defendant who allegedly injured plaintiff. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the unknown defendant as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

Should plaintiff decide to submit a proposed amended complaint, he must write both the case number and the Judge's name on the proposed amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each defendant named in the proposed amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits plaintiff wants the Court to consider in its threshold review of the proposed amended complaint must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files.

The Clerk is instructed to issue summonses for service on Defendant Ghosh, Zhang, Carter, Wexford Health Sources, Inc., Obaisi, and Downs. The Clerk is instructed to change defendant Wexford Inc. to Wexford Health Sources, Inc. on the docket. Defendant Hardy is dismissed. The Clerk shall also send plaintiff a Magistrate Judge Consent Form, Amended Civil Rights Complaint Form, and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve defendants Ghosh, Zhang, Carter, Wexford Health Sources, Inc., Obaisi, and Downs. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former employees who no longer can be found at the work address

**STATEMENT**

provided by the plaintiff, the Illinois Department of Corrections / Wexford Health Sources, Inc., shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named defendant pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendants [or to defense counsel, once an attorney has entered an appearance on behalf of defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.

Plaintiff's motions for appointment of counsel (Dkt. Nos. 4, 5), is denied, without prejudice. Plaintiff's complaint reflects a level of ability and knowledge that is substantially greater than that typically observed in pro se complaints. At the same time, this case does not presently appear to be complex or unusual. Appointment of counsel is not required when the complexity of the case is measured against plaintiff's abilities to litigate his own case. *Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc)). For the present, the Court does not deem the appointment of counsel to be necessary or appropriate.