# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 00146 |
| | ) | |
| DR. PARTHA GHOSH, DR. LIPING ZHANG, DR. IMOTEP CARTER, WEXFORD INC., DR. SALEH OBAISI, MILLER DOWNS, WARDEN MARCUS HARDY, AND UNKNOWN AND UNNAMED DEFENDANTS, | ) ) ) ) ) ) ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Robert Allen, an inmate at Stateville Correctional Center in Joliet, Illinois, filed this § 1983 action against numerous defendants, including Dr. Liping Zhang, alleging that their deliberate indifference to Allen's medical issues violates the Eighth and Fourteenth Amendments. Before the Court now is Dr. Zhang's motion for summary judgment.

## BACKGROUND

### A. Undisputed Material Facts

The following facts are taken primarily from Zhang's Local Rule 56.1(a) statement. Def.'s 56.1(a) Stmt, Dkt. 25, and supplemented with detail from the sources cited therein. Allen did not file a response to Zhang's 56.1(a) statement, nor any statement of additional material facts pursuant to Local Rule 56.1(b)(3)(C). As a consequence of Allen's failure to respond to Zhang's statement of material facts, all facts in Zhang's statement are deemed admitted. *See* Local Rule 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing

party."). The Court must still construe those uncontroverted facts in the light most favorable to Allen, the nonmoving party, as well as draw all reasonable inferences in his favor. *See Keeton v. MorningStar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012).

On July 1, 2008, Allen filed a grievance with the Illinois Department of Corrections alleging that Dr. Zhang refused to treat him for testicular pain prior to July 2, 2008. Def.'s 56.1(a) Stmt. ¶¶ 4–5. Zhang reviewed the grievance and concluded that Allen received proper treatment for his disorders. *Id.* ¶ 5. Allen appealed his grievance to the Arbitration Review Board. *Id.* ¶ 6. On January 7, 2009, the Administrative Review Board denied Allen's grievance after having reviewed it without a formal hearing; it concluded that the issue "was appropriately addressed by the institutional administration," that Allen had received medical treatment, and that claims of misconduct could not be substantiated. Compl. Ex. 2a, Dkt. 7.

On April 19, 2009, Allen wrote a letter to Governor Quinn, further complaining about his medical concerns and requesting an investigation. Def.'s 56.1(a) Stmt. ¶ 7. Dr. Zhang reviewed and summarized Allen's record for Stateville Warden Frank Shaw, to whom the letter was forwarded for response. Compl. Ex. 3, Dkt. 7. Shaw responded to Allen via letter, writing that he concurred with the assessment of the medical unit that Allen had received proper medical care. Compl. Ex. 4a, Dkt. 7. Allen "appealed" Shaw's findings on July 14, 2009, by writing to the Administrative Review Board. Def.'s 56.1(a) Stmt. ¶ 8; Compl. Ex. 6, Dkt. 7. Illinois Department of Corrections Northern Region Deputy Director Eddie Jones, to whom Allen's appeal letter was forwarded for response, responded to Allen on August 11, 2009, writing that it appeared Allen was receiving proper medical attention for his concerns (in effect denying Allen's "appeal"). Def.'s 56.1(a) Stmt. ¶ 9. On June 30, 2010, Zhang ceased her employment at the Stateville Correctional Center for Wexford Health Sources, Inc. *Id.* ¶ 11. Since that date,

Zhang has not worked in any capacity at the Stateville Correctional Center and has not been responsible for any of Allen's medical care. *Id.* ¶ 12.

### B. Procedural History

On January 8, 2013, Allen brought suit under 42 U.S.C. § 1983, alleging deliberate indifference of Dr. Zhang—among others—to his medical needs and seeking monetary damages and other relief. On April 11, 2013, Zhang filed this motion for summary judgment.

## DISCUSSION

Dr. Zhang contends that she is entitled to summary judgment because Allen's § 1983 claim against her is barred by the applicable statute of limitations. "Summary judgment is appropriate if the evidence demonstrates that there is 'no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Smith v. Sangamon Cnty. Sheriff's Dep't*, 715 F.3d 188, 191 (7th Cir. 2013) (quoting Fed. R. Civ. P. 56(a)) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). A party "may move for summary judgment by showing . . . that there is an absence of evidence to support the nonmoving party's case." *Modrowski v. Pigatto*, 712 F.3d 1166, 1167 (7th Cir. 2013) (quoting *Celotex*, 477 U.S. at 317) (internal quotation marks omitted). Although Allen failed to respond to Zhang's motion for summary judgment, "a nonmovant's failure to respond to a summary judgment motion, or failure to comply with Local Rule 56.1 does not . . . automatically result in judgment for the movant." *Keeton*, 667 F.3d at 884 (citing *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006)). The moving party "must still demonstrate that [she] is entitled to judgment as a matter of law." *Id.* (citing *Raymond*, 442 F.3d at 608).

In this case, Zhang asserts that any claim against her is barred by the statute of limitations. "Section 1983 does not contain an express statute of limitations, so federal courts

adopt the forum state's statute of limitations for personal injury claims." *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). In Illinois, the statute of limitations for § 1983 claims is two years. *Gomez v. Randle,* 680 F.3d 859, 864 (7th Cir. 2012). The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires that prisoners exhaust their administrative remedies prior to filing suit under § 1983. "[T]he limitations period is tolled while a prisoner completes the administrative grievance process." *Gomez*, 680 F.3d at 864 (quoting *Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008)) (internal quotation marks omitted); *Johnson*, 272 F.3d at 521.

Allen alleges that Dr. Zhang refused to treat him for testicular pain at some time in the period prior to July 2, 2008. Dr. Zhang argues that he did not file suit in time to pursue any grievances from this period against her. She also argues that although Allen alleges other, later violations of his rights, none of those later incidents involve actions by Zhang. Allen has not contested this timeline, nor has he argued that there exists an issue of fact as to whether his initial administrative grievance involving Dr. Zhang was exhausted on January 7, 2009, when the Administrative Review Board denied his claim. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (noting that failure to respond to an argument results in that party waiving their opposition to it). The viability of Allen's claim against Zhang therefore hinges on whether it was brought within two years of this date. Allen filed his complaint on February 1, 2013, far more than two years after the date of exhaustion. His claim against Zhang is therefore barred by the statute of limitations, regardless of whether the claims would otherwise be actionable. Finally, even if Allen's letter to Governor Quinn—which appears to have taken place outside the usual avenue for administrative grievances—is considered as a part of the administrative grievance process that Allen was required to exhaust before filing suit, his "appeal" relating to that letter

was last denied on August 11, 2009. Allen's complaint against Zhang, filed more than two years after this date, is still untimely under a statute of limitations calculation that includes this period.

*   *   *

For the reasons set forth above, Dr. Zhang's motion for summary judgment is granted and the case is terminated as to her alone.

Date: February 12, 2014

John J. Tharp, Jr.
United States District Judge